```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CHARLES EDWARD SHANNON,         )
                                )
            Plaintiff,          )
                                )
       v.                       )      No. 4:05CV856(DJS)
                                )
CRANE MERCHANDISING SYSTEMS,    )
et al.,                         )
                                )
            Defendants.         )
```

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Charles Edward Shannon for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court are applicant's motion for appointment of counsel [Doc. #4] and his motion to amend his complaint to substitute Harold Maisel for defendant Donald Heller [Doc. #5]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks relief against his former employer, Crane Merchandising Systems (Crane), and several Crane employees (Kay Merz, Heather Dale, and Donald Heller).[1] Plaintiff alleges that defendant Dale "illegally obtained confidential information from the St. Louis Police Department, circumventing normal

---

[1] As noted above, plaintiff has moved to amend his complaint to substitute Howard Maisel for defendant Donald Heller.

procedures of obtaining criminal background check." It appears that as a result of the information Dale allegedly obtained, plaintiff was fired from his job. Plaintiff claims that he was wrongfully terminated, that his privacy was invaded, that he was libeled, and that his character was defamed.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, prohibits employment discrimination on the basis of race, color, religion, sex, and national origin. In the case at hand, plaintiff has alleged no facts indicating that he was discriminated against on the basis of his race, color, religion, sex, or national origin. Nor is there any indication that plaintiff has been discriminated against on the basis of his age or a disability - which is also prohibited by federal law. Therefore, plaintiff's complaint fails to state a claim under Title VII. At best, plaintiff's allegations of libel, defamation, and invasion of privacy are state tort actions over which this Court - as the complaint is currently pleaded - lacks subject matter jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint to substitute Howard Maisel for defendant Donald Heller [Doc. #5] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this     25th     day of October, 2005.


                                  /s/Donald J. Stohr
                                  UNITED STATES DISTRICT JUDGE